## NELSON v. NATIONAL DRILL MFG. COMPANY.

Where, in an action to recover a commission on the sale of a machine, plaintiff claimed that, with knowledge of a promise by its agent to pay plaintiff such commission, defendant agreed to pay the same, the terms of the contract between defendant and its agent were immaterial.

Where it was shown that certain letters from defendant to plaintiff had been destroyed by the latter, that such destruction was not for the purpose of preventing their use in evidence or with any other improper motives, and that due notice had been given defendant to produce the original letters from plaintiff to defendant and copies of those it had written him, secondary evidence of the contents of the letters was properly admitted.

In an action to recover a commission claimed to be due plaintiff on the sale of a grader manufactured by defendant, a notice to produce, relied on as the basis for the introduction of secondary evidence of certain lost letters, directed to defendant and requiring it to produce on the trial "all letters and correspondence had between you and the said plaintiff relevant to the sale of a road grader to Split Rock township, in said county and state, and especially," etc., enumerating letters written on or about certain dates, "all of said letters relating to the subject-matter of the controversy in this suit," etc., was sufficiently specific.

In an action to recover a commission claimed to be due plaintiff on. the sale of a grader manufactured by defendant, evidence examined, and **held** sufficient to support a judgment for plaintiff.

(Opinion filed, November 29, 1905.)

Appeal from Circuit Court, Minnehaha County. Hon. Joseph W. Jones, Judge.

Action by C. M. Nelson against the National Drill Manufacturing Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

The notice to produce referred to in the opinion of the court is as follows: "Sir: You are hereby notified to have and produce upon the trial of the above-entitled action, so that the same may be used by the plaintiff in evidence, if he so desires, all letters and correspondence had between you and the said plaintiff relevant to the sale of a road grader to Split Rock township, in said county and state, and especially a letter written by him to you on or about the 1st day of March, 1903; another such letter written by him to you on or about the 15th day of March, 1903; another such letter written by him to you on or about the 1st day of April, 1903; another such letter written by him to you on or about the 7th day of April, 1903; another such letter written by him to you on or about the 20th day of April, 1903; another such letter written by him to you on or about the 1st day of May, 1903; another such letter written by him to you on or about the 10th day of May, 1903; and another such letter written by him to you on or about the 25th day of May, 1903—all of said letters relating to the subject-matter of the contraversy in this suit. You are further notified that if you fail to produce said letters upon the trial the plaintiff will introduce secondary evidence as to the contents of the same."

*Bailey* & *Voorhees* and *Frederick B. Eaton,* for appellant. *Joe Kirby,* for respondent.

CORSON, J. This is an appeal from a judgment entered in favor of the plaintiff, and an order denying a new trial. The action was instituted by the plaintiff to recover of the defendant the sum of $32.50 alleged to be due him as commission upon the sale of a road grader on or about June, 1903. The facts as disclosed by the plaintiff's evidence may be briefly stated as follows: The plaintiff

learning that the authorities of Split Rock township, Minnehaha county, were anxious to obtain a road grader for their town, he wrote to several manufacturing companies in relation to such machinery, and, among others, to the defendant in this action. That defendant replied that their general agent would be in his section in a few days and would call on him. In a few days thereafter the company's agent, a Mr. Chamberlain, called on him, and agreed with the plaintiff that in case he would assist him in making a sale of a machine to the town authorities, he should be paid as his commission all that might be received by said defendant for the machine over and above the sum of $187.50. That they then proceeded to the said town of Split Rock and effected a sale of a machine for the sum of $225, for which the town authorities issued a town order to the defendant. That immediately after the sale of the machine he wrote to the defendant company, in regard to the sale, that Mr. Chamberlain had agreed that he should receive the sum of $37.50, less a credit of $5, as his commission, and that the company replied in substance that it would pay the same to him. That Chamberlain made the agreement as stated by the plaintiff was admitted by him.

The appellant contends that the company's agent, Mr. Chamberlain, had, under his contract with the appellant, no authority to employ a subagent, and that therefore the defendant was not liable under the contract of the agent. The contract between the defendant and its agent Chamberlain was introduced in evidence, and counsel for appellant have discussed its various provisions at considerable length in their brief. It is contended by the respondent that the provisions contained in the contract between the defendant and its agent are not material in this case, as the plaintiff seeks to recover the action upon the sole ground that, having communicated to the appellant the contract made between him and Mr. Chamberlain, this contract was ratified by the appellant, and it promises to pay the same, and this seems to have been the view taken of the case by the court in its charge to the jury as, among other things, it instructed them as follows: "The evidence shows that Chamberlain promised the plaintiff he should have all above $187.50 as commission. The court instructs you that the defendant is not liable

for that commission, unless they, with the knowledge of what Chamberlain had done, ratified and promised to pay it. Mr. Nelson contends that he reported by letter promptly to the company this matter, and received a letter, the contents of which he stated to you. Now, if the company in that letter promised to pay the $32.50, if that was a part of the contents of that letter, then plaintiff may recover, otherwise not." We are inclined to take the view that respondent is right in his contention as he did not claim the right to recover the amount alleged to be due him from the defendant, upon the ground that he was a subagent, or that Chamberlain was authorized to bind the defendant company to the payment of his claim. It may therefore be conceded for the purpose of this decision that Chamberlain had no authority to appoint a subagent or authority to bind the defendant by the contract made by him, unless the defendant, with full knowledge of all the facts, ratified the same, and promised the plaintiff to pay him the commsision thus agreed upon between him and Chamberlain.

It is further contended by the appellant that the court erred in admitting secondary evidence of the correspondence alleged to have taken place between the plaintiff and the defnedant over the objection of the appellant. On the trial, the plaintiff having testified that he had destroyed the letters received by him from the defendant, not expecting to have any litigation with the defendant, and not deeming it necessary to preserve them, and upon proof that due notice was given to the defendant to produce such letters in its possession as related to this matter, he was permitted by the court to state the substance of their contents. We are of the opinion that the court committed no error in admitting this evidence as it was satisfactorily established that the destruction of the letters was not for the purpose of preventing their being used as evidence, or with any other improper motives, and the defendant has been required to produce the original letters from the plaintiff to the defendant and copies of such letters as it had written to the plaintiff. The general rule as to the admission of such evidence seems to be that in order to lay a foundation for secondary evidence it must be shown that the original writing is lost or destroyed by time, mistake, or accident, or is in the hands of the adverse party who has had due notice

to produce it on the trial. Section 770, Thompson on Trials.

It is contended by the appellant that the notice given to the defendant to produce the correspondence between the parties in its possession was not sufficiently specific, but we are of the opinion that this contention is not tenable, and that the notice was sufficiently specific, and gave to the defendant all the necessary information to enable it to comply with the notice, and to produce such letters as it had in its possession between the plaintiff and itself relative to the sale of the machine. The rule seems to have been substantially complied with in this case, as the letters were destroyed through inadvertence, and the proper notice was given.

It is further contended by the appellant that there is no competent evidence of any contract between the plaintiff and the appellant, but assuming that the secondary evidence was properly admitted, it is quite clear that there was ample evidence of such a contract, and that the jury was fully justified in finding from that evidence that the appellant bound itself to carry out the agreement made between Chamberlain as agent of the appellant and plaintiff.

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.